IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Carol Hussa,** | : |
| | : |
| **Plaintiff** | : |
| | : |
| vs | : |
| | : |
| **Penn's Woods Girl Scout Council,** | : |
| **t/d/b/a Girl Scouts of Penn's** | : |
| **Woods Council, Girl Scouts of** | : |
| **Penn's Woods Council, Inc. and** | : |
| **Girl Scouts in the Heart of** | :   Jury Trial Demanded |
| **Pennsylvania,** | : |
| | : |
| **Defendants** | :   Case No:        :07-cv- |

_____

COMPLAINT

## I. INTRODUCTION

1. This is a proceeding for damages to redress the deprivation of rights of the Plaintiff arising out of her employment relationship with the Defendants.

## II. JURISDICTION

2. The jurisdiction of this court over this controversy is based upon the following:

    a.    the courts jurisdiction conferred by 28 U.S.C. Section 1337 to enforce the provisions of the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 621, et seq. (ADEA);

    b.    the courts pendant jurisdiction pursuant to 28 U.S.C. Section 1367 to redress the unlawful and tortious conduct in violation of the Pennsylvania Human Relations Act, 43 P.S. Section 952, et seq. (PHRA) and other state law claims;

### III. VENUE

3.    The Venue of this court over the controversy is based upon the following:

    a.    The unlawful Employment practices alleged below were committed within the Commonwealth of Pennsylvania. Venue lies in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. Section 1391 (b) as Defendant's maintain a principal place of business at 667 North River Street, Cross Valley Center, Suite 206, Plains Township, Luzerne County, Pennsylvania. 18705.

    b.    Plaintiff avers that the Defendants, Penn's Woods Girl Scout Council, t/d/b/a Girl Scouts of Penn's Woods Council, a non-profit entity, and its successor, Girl Scouts of Penn's Woods Council, Inc., a not-for-profit corporation are doing business in this judicial district within the meaning of 28 U.S.C. Section 1391 (c) and maintains a place of operation at 667 North River Street, Cross Valley Center, Suite 206, Plains Township, Luzerne County, Pennsylvania. 18705.

    c.    Plaintiff avers that the Defendant, Girl Scouts in the Heart of Pennsylvania is a not-for-profit business and successor by merger to the Defendant, Girl Scouts of Penn's Woods Council, Inc. doing business in this judicial district within the meaning of 28 U.S.C. Section 1391 (c) and maintains a place of operation at 667

North River Street, Cross Valley Center, Suite 206, Plains Township, Luzerne County, Pa. 18705.

## IV. PARTIES

4. The Plaintiff, Carol Hussa, was an employee of the Defendant. She is fifty-five years old. At all times relevant to the allegations herein, Plaintiff was a citizen of the United States and a resident of Pennsylvania. Plaintiff was employed by Defendants, Penn's Woods Girl Scout Council, t/d/b/a Girl Scouts of Penn's Woods Council, and Girl Scouts of Penn's Woods Council, Inc. as Director of Communications and Development.

5. The Defendants, Penn's Woods Girl Scout Council, t/d/b/a Girl Scouts of Penn's Woods Council, and Girl Scouts of Penn's Woods Council, Inc., is a not-for-profit corporation duly organized, existing and registered to do business in the Commonwealth of Pennsylvania. The Defendants, Penn's Woods Girl Scout Council, t/d/b/a Girl Scouts of Penn's Woods Council, and Girl Scouts of Penn's Woods Council, Inc., transact business and perform services in the United States and at all times relevant to this civil action were the employer or the former employer of the Plaintiff.

6. The Defendants, Penn's Woods Girl Scout Council, t/d/b/a Girl Scouts of Penn's Woods Council, and Girl Scouts of Penn's Woods Council, Inc.. are

engaged in a business affecting commerce and it is averred on information and belief that they employed more than 25 people at all times relevant to this action. Defendants are an employer within the meaning of the applicable provisions of the Age Discrimination in Employment Act of 1967 and the Pennsylvania Human Relations Act.

7. The Defendant, Girl Scouts in the Heart of Pennsylvania is the successor by merger of the other Defendants and is duly organized, existing and registered to do business in the Commonwealth of Pennsylvania. The Defendant, Girl Scouts in the Heart of Pennsylvania, transacts and performs services in the United States and at all times relevant to this civil action is an employer or former employer of the Plaintiff by virtue of the merger of all other Defendants into Girl Scouts in the Heart of Pennsylvania.

8. The Defendant, Girl Scouts in the Heart of Pennsylvania, is engaged in a business affecting commerce and it is averred on information and belief that if employees more than 25 people at all times relevant to this action. Defendant is an employer within the meaning of the applicable provisions of the Age Discrimination Employment Act of 1967 and the Pennsylvania Human Relations Act.

### V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Prior to the filing of this Civil Action, Plaintiff timely filed a charge of

discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission (PHRC).

10. The Pennsylvania Human Relations Commission is a referral agency designated by the Equal Employment Opportunity Commission and, pursuant to a work sharing agreement, is responsible for conducting an investigation to the complaints of discrimination made by Plaintiff against the Defendant.

11. The Pennsylvania Human Relations Commission closed its investigation of this matter on October 5, 2005.

12. The Equal Employment Opportunity Commission authorized suit by Notice dated March 5, 2007.

## VI. STATEMENT OF FACTS

13. The Plaintiff, Carol Hussa, was employed as the Director of Communications and Development by the Defendants, Penn's Woods Girl Scout Council, t/d/b/a Girl Scouts of Penn's Woods Council, and Girl Scouts of Penn's Woods Council, Inc. since May, 1997.

14. Defendants, Penn's Woods Girl Scout Council, t/d/b/a Girl Scouts of Penn's Woods Council, and Girl Scouts of Penn's Woods Council, Inc., operate as an organization chartered by Girl Scouts USA to implement the girl scout program within its assigned geographical territory which includes events, activities and training

seminars in keeping with the goals of the girl scout program under its charter from Girl Scouts USA. It is averred that the Defendant Girl Scouts in the Heart of Pennsylvania, by merger with the other Defendants assumed all obligations and responsibilities for their actions concerning the Plaintiff as an employee.

15. At the time of her discharge on August 10, 2004, plaintiff had extensive experience in marketing, communications and development. Plaintiff was 52 years old when she was discharged on August 10, 2004.

16. Prior to her discharge, the Plaintiffs employer hired a new Chief Executive Officer, JoAnn Hollis, who undertook a course and pattern of conduct designed to remove from defendant's employment all older (over 40 years of age) and experienced personnel, including the Plaintiff.

17. The Plaintiff, prior to Defendants hiring JoAnn Hollis in October 2003, had always received positive and outstanding performance evaluations.

18. JoAnn Hollis repeatedly made an attempt to portray the Plaintiff in a negative light by averring that Plaintiff did not keep her informed of a special 30 minute television program which had been in production prior to the hire of JoAnn Hollis despite the fact that Plaintiff did provide ongoing reports to JoAnn Hollis.

19. On July 19, 2004, Plaintiff was given a written discipline and final warning by JoAnn Hollis without justification.

20.    Plaintiff was discharged on August 10, 2004 along with several other employees of the Defendants who were older ( over 40 years of age), experienced and long standing employees of Defendants.

21.    Plaintiff avers that her discharge and the conduct by JoAnn Hollis leading up to her discharge was discriminatory conduct directed to Plaintiff and other older experienced employees that was designed as a pattern and practice of age discrimination to eliminate them from the Defendants employ.

22.    Plaintiff avers that she and all other discharged, older employees ( over 40 years of age) were replaced by younger individuals with less experience who were paid less money.

## VII. STATEMENT OF CLAIMS

### COUNT ONE

### THE AGE DISCRIMINATION IN EMPLOYMENT ACT

23.    Plaintiff incorporates the allegations of paragraphs 1 through 22 and in addition, avers that Defendant's conduct in this regard constitutes a pattern and practice of unlawful discrimination on account of her age and is in violation of the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et seq.

## COUNT TWO

## PENNSYLVANIA HUMAN RELATIONS ACT

24. Plaintiff incorporates the allegations of paragraphs 1 through 22 and in addition, avers that the Defendant's conduct, in this regard, constitutes a pattern and practice of unlawful discrimination on account of her age, and is in violation of the Pennsylvania Human Relations Act, 42 P.S. Section 952, et seq., justifying an award of back pay, front pay, benefits, compensatory, consequential, liquidated and punitive damages.

25. Defendant's conduct has denied and will continue to deny Plaintiff's Civil Rights guaranteed by the Pennsylvania Human Relations Act.

26. Defendant's actions of discrimination were and continue to be intentional.

27. Defendant engaged in these discriminatory practices with malice and/or reckless indifference to Plaintiff's fully protected rights.

28. As the result of Defendant's violations of the Pennsylvania Human Relations Act, Plaintiff has suffered and will continue to suffer loss of income, extreme mental anguish, severe anxiety, personal humiliation, painful embarrassment, disruption of her personal life and loss of the enjoyment of the ordinary pleasures of everyday life.

29. Defendant engaged in these discriminatory actions with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

## COUNT THREE

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. Plaintiff incorporates the allegations of paragraphs 1 through 22 and in addition, avers that the Defendant's conduct in this regard constitutes a wrongful discharge and a violation of the Plaintiff's contractual rights as implied in law and fact.

31. As a direct and proximate result of the Defendants' conduct in terminating her, plaintiff has suffered and will continue to suffer extreme mental anguish, severe anxiety, personal humiliation, painful embarrassment and disruption of his personal life, loss of the enjoyment of ordinary pleasures of everyday life.

32. Plaintiff's injuries are a result of the intentional infliction of emotional distress imposed upon her by her termination.

33. The Defendant's discriminatory and retaliatory treatment of the Plaintiff amounted to extreme and outrageous conduct.

34. As a direct and proximate result of the defendants' intentional, and/or reckless conduct, Plaintiff has suffered and will continue to suffer extreme mental anguish, severe anxiety, personal humiliation, painful embarrassment, disruption of

her personal life and loss of the enjoyment of the ordinary pleasures of everyday life constituting an intentional infliction of emotional distress and harm.

## VIII.   PRAYER FOR RELIEF

35.   Plaintiff prays for judgment in her favor and against the Defendants, Penn's Woods Girl Scout Council, t/d/b/a Girl Scouts of Penn's Woods Council, a non-profit entity, and its successor, Girl Scouts of Penn's Woods Council, Inc. and their successors by merger, Girl Scouts in the Heart of Pennsylvania, and prays that the following relief be awarded to the Plaintiff:

   a. for compensatory damages to the Plaintiff including back pay plus interest, medical rights, fringe benefits and front pay;
   b. all available compensatory and consequential damages;
   c. reasonable attorney's fees and costs;
   d. punitive damages to the Plaintiff;
   e. grant such other relief as the court deems just and proper under the circumstances.

## IX. JURY DEMAND

36.   Plaintiff demands a jury trial on all counts.

    Respectfully submitted,

    **JOHNSTON & JOHNSTON**
    **/s/Ralph J. Johnston Jr.**
    **Ralph J. Johnston, Jr.**
    **Attorney for the Plaintiff**
    **250 Pierce Street Suite 308**

                                                      **Kingston, Pennsylvania 18704**
                                                      **(570-288-7101) I.D. #24720 (PA)**